**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOURDEAN LORAH,          )<br>      Plaintiff,           )<br>                              )<br>v.                            )<br>                              )<br>DEPARTMENT OF NATURAL     )<br>RESOURCES AND ENVIRONMENTAL )<br>CONTROL, and THE PMA GROUP )<br>      Defendants          ) | C.A. No. 06-539-SLR<br><br>Jury Trial Demanded |

**DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL'S
<u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE
COMPLAINT</u>**

The paper being treated as a Complaint (D.I. #2) consists of a mere five (5) sentences, which are set forth below:

> Plaintiff, Jourdean Lorah, respectively [*sic*] prays and requests that the United States District Court considers [*sic*] the following documents from The Department of Natural Resources and Environmental Control. The Plaintiff, Jourdean Lorah, is not an eighteen year old man named Jordan Lorah (gender discrimination). The identification number, age and sex does [*sic*] not match the identification of Plaintiff Jourdean Lorah. The Plaintiff, Jourdean Lorah, has suffered economically and physically regarding the false records of The Department of Natural Resources and Environmental Control. Plaintiff, Jourdean Lorah believes that she should be compensated for her losses.

The "complaint" fails to recognize what is obvious from its exhibits: two people with similar names exist. The plaintiff, Jourdean Lorah, has commenced this litigation because DNREC had an employee named Jordan Lorah who was injured while working. It is obvious from the exhibits to the "complaint" that they have different names, ages, addresses and Social Security numbers.

The "complaint" should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1) and Fed. R.

Civ. P. 12 (b) (6) since it fails to allege a federal controversy and fails to state a claim upon which relief can be granted. It does not contain separate, numbered paragraphs as required by Fed. R. Civ. P. 8 (a) but, rather, consists of five conclusory sentences that do not permit an orderly, concise admission or denial of specific facts or contentions. Counsel for DNREC has attempted to extract the essence of Plaintiff's legal claims (which seem to be grounded in 42 U.S.C. §1983). Moreover, to the extent the complaint's vague assertion that Plaintiff has "suffered economically and physically regarding the false records" of DNREC maybe interpreted to constitute an allegation of fraud, such allegation has not been pled with the specificity required by Fed. R. Civ. P. 9 (b), which requires that all averments of fraud shall be stated with particularity.

    **I.**    **STANDARD OF REVIEW**

    **a.**    **Federal Rule of Civil Procedure 12(b) (1)**

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b) (1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e.,

demonstrate a federal question) on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The Plaintiff bears the burden of persuasion under Rule 12(b) (1). *Coxson*, 935 F.Supp. at 626.

### b.   Federal Rule of Civil Procedure 12(b) (6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) is to test the legal sufficiency of the complaint. *Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A pro se complaint may be dismissed for failure to state claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, in a case such as this one, plaintiff's "factual allegations" consist of five (5) sentences. Moreover, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Halling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960).[1]

Under this standard, the Plaintiff's complaint must be dismissed because, pursuant to the immunity and other defenses set forth herein, none of Plaintiff's allegations would entitle her to maintain this action or obtain relief in this Court.

### II   PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE IS

---

[1] For instance, after using the phrase "false records," plaintiff fails to identify any document prepared by DNREC that is false. She fails to allege that DNREC tried to deceive anyone with a "false record," that DNREC tried to transfer, possess or use any "false record" and, therefore, her claim fails to allege fraud. 18 *U.S.C.* § 1028.

**IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER THE DOCTRINE OF SOVEREIGN IMMUNITY.**

The sovereign immunity of the states is found in the Eleventh Amendment to the United States Constitution, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not on its face bar suits against the State by its own citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S. Ct. 1114 (1996). "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80, 120 S.Ct. 631 (2004). "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*citing Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900 (1984)). The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result. *Id.* No such clear intent can be seen in 42 *U.S.C.* §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the

states' immunity. The statute allows suits only to be brought against "persons." 42 *U.S.C.* § 1983. The State of Delaware is not a "person" as contemplated by 42 *U.S.C.* § 1983. That statute authorizes the imposition of liability against "[e]every person" who, acting under color of state law, violates another's federally protected rights. It is a clearly established principle of §1983 law that claims for monetary damages cannot be asserted against state entities because they are not "persons" as defined by §1983. The United States Supreme Court in *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), affirmed the action of the Michigan Supreme Court dismissing an action brought in State Court under 42 *U.S.C.* §1983, "We hold that neither a State nor its officials acting in their official capacities are "persons" under §1983." *Id*. at 71. The United States District Court for the District of Delaware is certainly in accord with the United States Supreme Court on this issue. *Neeley v. Samis*, s*upra* at 678. ("[A] State agency is not a 'person' subject to claims under 42 *U.S. C*. §1983.").

To the extent plaintiff claims any violations of state laws, the Doctrine of Sovereign Immunity also bars such a claim. *See Pagano v. Hadley*, 535 F.Supp. 92 (D. Del. 1982). Sovereign immunity provides that the State and its agencies may not be sued without consent. *See Doe v. Cates*, 499 A.2d 1175, 1881 (Del. Supr. 1985). No such consent exists here. *See also* 10 *Del.C.* §4001 *et. seq*., which provides absolute immunity to the State if three conditions are met; plaintiff fails to allege that those three conditions do not exist.

**III       TO THE EXTENT WHICH THE COMPLAINT ASSERTS A GENDER DISCRIMINATION CLAIM, IT MUST BE DISMISSED PURSUANT TO FRCP 12(b) (6) AS IT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Although plaintiff has thrown the phrase "gender discrimination" into her "complaint", she has not stated a claim upon which relief can be granted.

Title VII, 42 *U.S.C.* § 2000e-2 (a), prohibits an employer from discriminating against any individual on the basis of race, color, religion, sex or national origin:

> It shall be an unlawful employment practice for an employer ⋯ to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin.

Plaintiff does not allege that she was ever employed by DNREC.² Nor was she. Thus, to the extent which the complaint can be construed to allege a gender discrimination claim under Title VII, it must be dismissed.

Likewise, any equal protection claim arising from gender discrimination also fails. It has been held "that the equal protection clause contains a 'federal constitutional right to be free from gender discrimination that does not 'serve important governmental objectives' and is not 'substantially related to those objectives.' " *Bohen v. City of East Chicago,* 799 F.2d 1180, 1185 (7th Cir.1986) (quoting *Davis v. Passman,* 442 U.S. 228, 234-35, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)). "To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiff[ ] must prove the existence of purposeful discrimination." *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3d Cir.1990) (citing *Batson v. Kentucky,* 476 U.S. 79, 93, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)). Accordingly, plaintiff "must demonstrate that [she] 'receiv[ed] different treatment from that received by other individuals similarly situated.' " *Id.* (citation omitted)). "Specifically to prove sexual discrimination, a plaintiff must show that any disparate treatment" was based upon her gender. *Id.*

Here, all plaintiff shows in her "complaint" and attachments is that a DNREC employee

---

2 DNREC notes that if plaintiff had been employed by DNREC at any time, her complaint should be dismissed as she has not exhausted her administrative remedies by filing with the EEOC. 42 *U.S.C.* § 2000e-5.

filled out a "First Report of Occupational Injury" as required by law for another DNREC employee, Jordan Lorah, who was injured while working at Cape Henlopen State Park. Plaintiff does not allege that she was in any way given disparate treatment by DNREC's fulfillment of its statutory obligation as an employer to submit such a form. There is no claim that DNREC uses a different "First Report" form for men than for women. Nor does she state how she would be affected by the use of those different forms since she has never worked for DNREC.[3] She has simply somehow conflated the similarity between her name and Jordan Lorah's name into a federal case.

    **IV**    **TO THE EXTENT WHICH THE COMPLAINT MAY BE CONSTRUED TO ALLEGE A STATE LAW CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, THAT TOO MUST BE DISMISSED PURSUANT TO FRCP 12(b) (6) AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff says without elaboration that she "has suffered economically and physically regarding the false records" of DNREC. To the extent that sentence may be construed to allege a claim for negligent infliction of emotional distress, it fails as the law of Delaware requires that the victim suffer both mental stress but also physical injury. An essential element of [the tort of negligent infliction of mental distress] is that the victim not only suffers mental stress, but also bodily injury or sickness." *Avallone v. Wilmington Med. Ctr., Inc.,* 553 F.Supp. 931, 938 (D.Del.1982) (citing *Robb v. Pennsylvania R.R. Co.,* 210 A.2d 709 (Del.1965); *Garrison v. Medical Ctr. of Delaware,* Inc., 581 A.2d 288, 293 (Del.1989). While plaintiff has attached to her complaint a medical record dated November 30, 2005, there is no connection alleged

---

3 Curiously, plaintiff fails to explain how she obtained a copy of the supposedly confidential form submitted on behalf of Jordan Lorah. She has attached an as exhibit a copy of an envelope from the Delaware Department of Labor (not DNREC) which may indicate that something intended for Jourdean Lorah was mailed to Jordan Lorah's address. The opposite may also be true. In either case, this fails to state a claim against DNREC or any other entity for that matter.

between DNREC and the condition noted therein.[4] Moreover, the only activity alleged to have been committed by DNREC, the preparation of the First Report of Occupational Injury, occurred more than two years earlier, on July 8, 2003. She has, quite simply, failed to allege any connection between DNREC's actions and the doctor's note.

## CONCLUSION

For the foregoing reasons, Defendant DNREC respectfully requests that this Honorable Court grant its Motion to Dismiss the complaint with prejudice.

           **DEPARTMENT OF JUSTICE**
           **STATE OF DELAWARE**

           /s/ Robert F. Phillips
           Robert F. Phillips, Bar ID # 2453
           Deputy Attorney General
           Carvel State Office Building
           820 North French Street
           Wilmington, DE 19801
           (302) 577-8400
           Attorney for Defendant DNREC

DATED: January 16, 2007

---

[4] The doctor's note appears to be a prescription for physical therapy for right lateral epicondylitis, which is popularly called "golfer's elbow" or "tennis elbow."

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on January 16, 2007, he caused the attached *Memorandum of Law in Support of Defendant DNREC's Motion to Dismiss the Complaint* to be electronically filed in this Court and to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jourdean Lorah  
114 Walls Ave  
Wilmington, DE 19805

The PMA Group  
P.O. Box 25249  
Lehigh Valley, PA 18002-5249

**MANNER OF DELIVERY:**

\_\_\_\_\_ One true copy by facsimile transmission to each recipient.

  X   Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_\_ Two true copies by Federal Express.

\_\_\_\_\_ Two true copies by hand delivery to each recipient.

/s/ Robert F. Phillips_____  
Robert F. Phillips, I.D. #2453  
Deputy Attorney General  
Carvel State Office Building  
820 N. French Street, 6th Floor  
Wilmington, DE 19801  
(302) 577-8400