IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | : |
| | : |
| Plaintiff, | : Civil Action No. 06-539 SLR |
| | : |
| v. | : |
| | : |
| DEPARTMENT OF NATURAL RESOURCES AND | : |
| ENVIRONMENTAL CONTROL and | : |
| THE PMA GROUP, | : |
| | : |
| Defendants. | : |

## MOTION TO DISMISS ON BEHALF OF DEFENDANT, THE PMA GROUP

Defendant, The PMA Group[1], ("PMA"), by and through the undersigned counsel, White and Williams, LLP, hereby respectfully requests that the Court enter the attached order dismissing plaintiff's complaint pursuant to Fed. R. of Civ. P. 12 (b)(1), (b)(4), (b)(5) and (b)(6) for failure to allege a federal controversy; failure to state a claim upon which relief can be granted; insufficient process and service of process. In support of its motion,[2] PMA states the following:

1.  Plaintiff filed the complaint in this matter with the Court on September 1, 2006 alleging what is believed to be "gender discrimination" against the plaintiff.[3] However, plaintiff fails to explain how she was subjected to the alleged discrimination, if any. Plaintiff's vague, ambiguous claims should be dismissed for failure to allege a federal controversy and failure to state a claim upon which relief can be granted.

### PLAINTIFF FAILS TO ALLEGE A FEDERAL CONTROVERSY

---

[1] PMA Management Corp. is improperly named as "The PMA Group" in plaintiff's complaint.
[2] PMA waives its right to file an opening brief and opts to submit this motion in lieu of an opening brief pursuant to Local Rule 7.1.2. PMA reserves the right to file a reply brief.
[3] Plaintiff's "Complaint", attached hereto as Exhibit A.

WILDMS 141129v.1

2. Plaintiff has filed her complaint without alleging a federal controversy. Plaintiff bears the burden of establishing statutory jurisdiction with this Court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also* Fed. R. of Civ. P. 12 (b)(1). Dismissal for lack of subject matter jurisdiction is appropriate if the rights claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pa.*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). The district court must grant a motion to dismiss if it finds that the plaintiff has failed to demonstrate a federal question on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d. Cir. 1977).

3. Because plaintiff has failed to allege a federal controversy in her complaint, she has failed to meet her burden of establishing jurisdiction with this Court and dismissal is appropriate.

**PLAINTIFF FAILS TO REFERENCE ANY ACTION ON THE PART OF PMA IN HER COMPLAINT**

4. Plaintiff's complaint alleges that her constitutional rights were violated and, arguably, that she "has suffered economically and physically regarding the false records of the Department of Natural Resources and Environmental Control."[4] As PMA understands the limited facts presented in plaintiff's exhibits to her complaint,[5] plaintiff is seeking compensation arising out of the handling of a worker's compensation claim, claim number W8903-43819, by PMA on behalf of the Delaware Department of Natural Resources & Environmental Control for its employee, Jordan Lorah.[6] It appears that plaintiff claims to be aggrieved by documents that

---

[4] Exhibit A.
[5] The purported facts were discovered in Plaintiff's Exhibits to her Complaint and not alleged in the body of the Complaint itself.
[6] State of Delaware First Report of Occupational Injury of Disease, Exhibit A.

she may have received regarding the worker's compensation claim of Jordan Lorah.[7] The plaintiff does not appear to have any relationship or connection with Jordan Lorah.[8] However, plaintiff has failed to explain the alleged "gender discrimination" on the part of the defendants that would enable her to recover damages. Plaintiff has also failed to explain how she has suffered "economically and physically" as a result of any alleged conduct.

5. Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993). Therefore, when considering a motion to dismiss, the Court must accept as true all allegations in the complaint and must draw all reasonable inferences in the light most favorable to the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d. Cir. 1994). However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost*, 1 F.3d at 1983. Dismissal of a complaint is appropriate when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). When the facts pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought, the Court may dismiss the complaint. *See Pennsylvania ex. rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 179 (3d. Cir. 1988).

6. Review of the plaintiff's complaint in this matter reveals that there are no factual allegations made directly against PMA and, as such, the complaint fails to state a claim for relief under Rule 12(b)(6) on this ground. Simply put, to allow this complaint to go forward based on

---

[7] State of Delaware Office of Workers' Compensation Agreement as to Compensation and Receipt for Compensation Paid, Exhibit A.
[8] *See* Exhibit A.

WILDMS 141129v.1

the lack of allegations detailing PMA involvement will severely prejudice PMA's ability to defend this suit.

7. Additionally, if plaintiff's intent was to assert an equal protection claim, plaintiff has failed to allege how she received disparate treatment based upon her gender. *See Batson v. Kentucky*, 476 U.S. 79, 93, 106 S.Ct. 1712 (1986). Therefore, dismissal is appropriate for failure to state a claim pursuant to Rule 12(b)(6).

### INSUFFICIENT PROCESS AND SERVICE OF PROCESS

8. In her Complaint, plaintiff improperly named The PMA Group as a defendant. The correct entity is PMA Management Corp. Therefore, PMA moves to dismiss all claims against it pursuant to Fed. R. of Civ. P. Rule 12(b)(4) and (5) for insufficient process and service of process.

WHEREFORE, based upon plaintiff's failure to allege a federal controversy, failure to state a claim against PMA and insufficient process and service of process, PMA respectfully requests that the Court enter the attached order and dismiss plaintiff's complaint.

WHITE AND WILLIAMS LLP

*/s/ Jennifer R. Hurvitz*

JOHN D. BALAGUER (#2537)
JENNIFER HURVITZ BURBINE (#4416)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4531

*Attorneys for Defendant, The PMA Group*

Dated: February 12, 2007

WILDMS 141129v.1

United States District Court
844 King Street
Wilmington, Delaware 19801


Jourdean Lorah - Plaintiff
114 Walls Ave.
Wilmington, Delaware 19805

      V.

Department of Natural Resources
And Environmental Control - Defendant
89 Kings Highway
Dover, Delaware 19901

The PMA Group- Defendant
P.O. Box 25249
Lehigh Valley, Pennsylvania 18002-5249

## MOTION TO CONSIDER THE GENDER DISCRIMINATION

## WHICH VIOLATES THE PLAINTIFF'S RIGHTS

    Plaintiff, Jourdean Lorah respectively prays and requests that the United States District Court considers the following documents from The Department of Natural Resources and Environmental Control. The Plaintiff, Jourdean Lorah is not an eighteen year old man named Jordan Lorah (gender discrimination). The identification number, age and sex does not match the identification of Plaintiff Jourdean Lorah. The Plaintiff, Jourdean Lorah has suffered economically and physically regarding the false records of The Department of Natural Resources and Environmental Control. Plaintiff, Jourdean Lorah believes that she should be compensated for her losses.



DELAWARE DEPARTMENT OF LABOR
**DIVISION OF UNEMPLOYMENT INSURANCE**
**GEORGETOWN LOCAL OFFICE**
P.O. BOX 548
GEORGETOWN, DE 19947-0548

60-06-100
OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

MAILED & 197 X12/30/03X PRSRT 1ST CLS

JOURDEAN LORAH
RT. 5 BOX 150-318
FRANKFORD, DE 19945

J-HHSMS  19945

Office of Workers' Compensation
PO Box 8902
Wilm, DE 19899-8902
302-761-8200

STATE OF DELAWARE
FIRST REPORT
OF
OCCUPATIONAL INJURY OR DISEASE

| 40-0600-210 | 299400-76-21-40-2 |
|---|---|
| LOCATION/DEPT | INSURANCE POLICY NUMBER |

| 1. EMPLOYEE: FIRST MIDDLE LAST<br>Jordan                    Lorah | 2. EMPLOYEE SOCIAL SECURITY NO.<br>6601 |
|---|---|

| 3. ADDRESS – INCLUDE COUNTY AND ZIP CODE<br>Route 5 Box 150, 318 Frankford, DE 19945, Sussex Co. | 4. MALE ☒<br>FEMALE ☐ | 5. EMPLOYEE TELEPHONE NUMBER<br>(302) - 539 - 4773 |
|---|---|---|

| 6. DATE OF BIRTH<br>1984 | 7. AGE<br>18 | 8. WAGE<br>$ 9.50 per hour | 9. WEEKLY HOURS WORKED<br>40 |
|---|---|---|---|

| 10. OCCUPATION (REGULAR)<br>Lifeguard | 11. DIVISION REGULARLY EMPLOYED<br>DNREC/Parks & Recreation | 12. HOW LONG EMPLOYED<br>2 years ( seasonal) |
|---|---|---|

| 13. EMPLOYER<br>DEPT. OF NAURAL RESOURCES & ENVIRONMENTAL CONRTOL | 14. PERSON MAKING OUT THIS REPORT<br>Bonnie Korstange |
|---|---|

| 15. ADDRESS – INCLUDE COUNTY AND ZIP CODE<br>89 Kings Highway, Kent County, DE 19901 | 16. EMPLOYER TELEPHONE NUMBER<br>(302) – 739-5823 |
|---|---|

| 17. MAILING ADDRESS – IF DIFFERENT FROM ABOVE<br>N/A | 18. NATURE OF BUSINESS<br>STATE GOVERNMENT |
|---|---|

| 19. DATE OF REPORT<br>06/30/2003 | 19. DATE OF INJURY AND TIME<br>06/29/2003<br>4:30  ☐ AM  ☒ PM | 21. NORMAL STARTING TIME<br>9:00  ☒ AM ☐PM | 22. IF EMPLOYEE BACK TO WORK GIVE DATE<br>06/30/2003 | 23. AT SAME WAGE<br>☒ YES  ☐ NO |
|---|---|---|---|---|

| 24. IF FATAL INJURY, GIVE DATE OF DEATH<br>/  / | 24. DATE EMPLOYER KNEW OF INJURY<br>06/30/2003 | 26. DATE DISABILITY BEGAN<br>/  / | 27. LAST FULL DAY PAID – DATE<br>/  / |
|---|---|---|---|

28. DESCRIBE THE INJURY/ILLNESS AND PART OF BODY AFFECTED.

Injured right hand

29. SPECIFY THE DEPARTMENT WHERE INCIDENT OCCURRED AND THE WORK PROCESS INVOLVED.

Cape Henlopen State Park

30. LIST THE EQUIPMENT, MATERIALS, AND CHEMICALS EMPLOYEE WAS USING WHEN THE INCIDENT OCCURRED. E.G. ACETYLENE.

None

31. DESCRIBE THE EMPLOYEE'S ACTIVITY AT THE TIME OF INJURY OR ILLNESS, I.E.
Working out - diving into water

32. DESCRIBE HOW THE INJURY/ILLNESS OCCURRED.

While diving into water, employee jammed right hand into sand.

| 33. NAME OF PHYSICIAN<br>None listed at this tim | 34. PHYSICIAN'S ADDRESS |
|---|---|
| 35. HOSPITAL (IF APPLICABLE) | 36. HOSPITAL ADDRESS |

WORKER'S COMPENSATION INSURANCE COMPAYN AND COMPLETE ADDRESS (PREPRINT OR STAMP INCLUDE IAB CODE)
37. (THIS SECTION MUST BE COMPLETED IN ORDER TO PROCESS)

PMA MANAGEMENT CORP.
P.O. BOX 25248                I.A.B. CODE    40           POLICY NO.  7621402
LEHIGH VALLEY, PA 18002

_Bonnie Korstange_  7/8/03                                   _H.R Technician_
SIGNATURE OF PERSON IN 14 ABOVE                               OFFICIAL POSITION



STATE OF DELAWARE
DEPARTMENT OF NATURAL RESOURCES
AND ENVIRONMENTAL CONTROL
89 KINGS HIGHWAY
DOVER, DELAWARE 19901

HUMAN RESOURCES OFFICE

TELEPHONE: (302) 739-5823
FAX: (302) 739-7571

TO:      Jordan Lorah

FROM:    Bonnie Korstange

DATE:    July 8, 2003

RE:      Workers' Compensation Procedure Letter

**PLEASE NOTIFY YOUR MEDICAL PROVIDER. ALL BILLS AND/OR SERVICES AND SUPPLIES PERTAINING TO AN INJURY MUST BE SENT DIRECTLY TO:**

> THE PMA GROUP
> P. O. BOX 25249
> Lehigh Valley, PA 18002-5249

1. In the event of an on-the-job injury, it is **mandatory** that your supervisor submit **signed originals** of "Employer's Report of Occupational Injury or Disease" and "DNREC Workers' Compensation Investigation Form", to the Human Resource Office within **two** working days for processing the Worker's Compensation Claim. The Department is responsible for reporting claims to the Workers' Compensation carrier within ten (10) days or is subject to fines. Supervisors have the authority and responsibility to ensure compliance.

2. If you are instructed to remain off work, you and your Supervisor are to contact the Human Resource Office **immediately** to let us know the diagnosis, how long you will be out of work and the name and address of the treating physician. The **original** doctor's note must be sent to the Human Resource Office after each doctor's appointment.

3. Your timekeeper will provide your work schedule to the Human Resource office to determine the amount of compensation due you.

4. When your claim is approved, the Department will pay 1/3 and Workers' Compensation will pay 2/3 of your pay equal to your anticipated earnings for up to three (3) months or your seasonal position ends, whichever comes first.

*It's Good Being First!*

## DELAWARE WAGE SCHEDULE

Claim No.      :                    Adjuster No.:

Injured Worker: **Jordan Lorah**           SS#: _     5601
In order to calculate employee's compensation rate, in accordance with Section 2302 of the Delaware Workers' Compensation Act, the information below must be provided.

If the rate of wages is fixed by the day or hour, his weekly wages shall be taken to be the rate times the number of days or hours in an average work week of his employer at the time of the injury.

Daily Rate

OR: **$9.50   Per hour**


Number of Days/Hours in Average Work Week: **Varies**

   If the rate of employee's wage are fixed by the output of the employee, then his weekly wage is taken to be his average weekly earnings for so much of the preceding six months as he has worked for the same employer. If because of exceptional causes such method of computation does not ascertain fairly the earnings of an employee, then the weekly wage shall be based on the average earnings for six months of an average employee of the same or most similar employment.

Note: When no valuation is fixed on board and lodging by the parties in the contract of hire or at the time of hiring, the valuation for the purpose of computing compensation shall be established as follows:

 (1) For board - $3.00 per day, regardless whether this applies to 1, 2, 04
  3 meals per day;
 (2) For lodging - $3.00 per day or night.

Therefore, these amount must be added to the above weekly wages if the employee receives board and lodging which is not specified in the employment contract.

Weekly Wage (as calculated above): _____

Board                          +  _____

Lodging                        +  _____

Total/New Weekly Wage             _____



July 15, 2003

JORDAN LORAH
ROUTE 5 BOX 150-318
FRANKFORD        DE 19945

Dear JORDAN LORAH

   We at The PMA Management Corp are in receipt of a Workers' Compensati claim submitted by your employer. In order to speed the processing of your claim, we ask that you sign and return the enclosed Medical Authorization form and provide your health professionals with your assigned claim number.

|                          |                   |
|--------------------------|-------------------|
| Client:                  | STATE OF DELAWARE |
| Date of Accident:        | 06/29/03          |
| Claim Number:            | W8903-43819       |
| Policy/Contract Number:  | 290200-7621402    |
| Social Security Number:  | -6601             |

   Please refer to your assigned claim number in all correspondence. Please mail your Medical Authorization, any medical bills or medical reports to:

   PMA Corporate Processing Center
   PO Box 25249
   Lehigh Valley, PA 18002-5249

Please note that the Delaware law requires notification that the statute of limitations for Workers' Compensation claims is two years. If the claim has been accepted as compensable and payments (medical or indemnity made to the employee, the statute of limitations is five years from the date of last payment.

To contact us, please write to us at the above address or call us toll free at 1-888-4PMA-NOW (1-888-476-2669) and have your claim number ready.

Sincerely,

The PMA Management Corp

Any person who knowingly, and with intent to injure, defraud or deceive any insurer, file a statement of claim containing any false, incomplete or misleading information is guilty of a felony.

   MO-C

| | | |
|---|---|---|
| **State of Delaware**<br>**Department of Labor**<br>**Division of Unemployment Insurance** |  | **Notice of**<br>**Determination**<br>**UC-409** |

| | | |
|---|---|---|
| Claimant  JOURDEAN S. LORAH | SS Number:   ·1460 | Delivered by Mail |
| Address   114 WALLS AV | Local Office: 2 | Redet: No |
| | Fund Code: 10 | Count: Yes |
| WILMINGTON, DE 19805 | Claim Date: 10/09/2005 | |
| | Date of AC:  / / | |
| | Case Number: 238636 | |

**Findings of Fact:**
The claimant field for benefits and indicated she was permanently laid off with severance. She was paid accordingly. The employer submitted subsequent information indicating the claimant was discharged, "not suitable for position." However it was learned, in a phone interview with the employer, there was no misconduct on the claimant's part.

In a discharge case, the burden of proof is with the employer to prove the claimant was discharged with just cause. Just cause for discharge refers to a willful or wanton act in violation of either the employer's interest or of the employee's duties or of the employee's expected standard of conduct. The employer has not met this burden. The claimant is eligible as she was discharged without just cause in connection with the work.

**Title 19 of Delaware Code 3314(2)**
An individual shall be disqualified for benefits: For the week in which he was discharged from his work for just cause in connection with his work and for each week thereafter until he has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

**Determination:**
You were discharged by your employer without just cause in connection with the work. Therefore, you are not disqualified from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, Delaware Code and will be eligible to receive benefits for each week of unemployment insurance benefits claimed for which the division determines you meet the eligibility requirements of Section 3315, Title 19, Delaware Code. The division shall issue a determination for any week(s) of unemployment insurance benefits claimed for which you are subsequently deemed ineligible to receive benefits.

**Claims Deputy Signature:**                                                                 Date: 11/03/2005

If you disagree with this determination, you should ask the Claims Deputy for an explanation. If you are not satisfied with the explanation, you may file an appeal.

**Claimant and Employer Appeal Rights**
This determination becomes final on   11/13/2005   unless a written appeal is filed. Your appeal must be received or postmarked on or before the date indicated. If the last date to file an appeal falls on a Saturday, Sunday or Legal Holiday, the appeal will be acceptable the next business day.
If you file an appeal and are still unemployed, you must continue to file weekly claim pay authorization forms with the local office, as instructed, until you receive a final decision.

| | |
|---|---|
| Employer   HILLCREST ASSOCIATES | Your employer account will not be charged on this claim |
| Name and   ATTN: PERSONNELL | benefit year, but may be subject to a charge in a subsequent |
| Address   1760 FLINT HILL RD | claim benefit year. |

ORTHOPEDIC SPECIALISTS, P.A.
ANDREW J. GELMAN, D.O.
MOHAMMAD KAMALI, M.D.
JOSEPH MESA, M.D.
DOUGLAS PALMA, M.D.
J. DOUGLAS PATTERSON, M.D.
MICHAEL DOWD, PA-C
CRAIG KATZ, PA-C
1096 OLD CHURCHMAN'S ROAD
NEWARK, DE 19713-2102
(302) 655-9494                DEA # _____
                              LIC. # _____

NAME _Lorah_ _Gourdean_____ AGE ____
ADDRESS _____ DATE 11/30/05
Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

℞  ① lateral epicondylitis

   ① ultrasound
   ② tech avoidance of provocative
      activity              2-3/d for
                            4 weeks

Refill _____ times
   ③ stretch    ④ strengthen once stretch
                   painless
Substitution Permitted

IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED, THE
PRESCRIBER MUST HAND WRITE 'BRAND NECESSARY' OR 'BRAND
MEDICALLY NECESSARY' IN THE SPACE BELOW.

                                    Patterson

5GOS0290866

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 06 - 539

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____8-31-06____                    ____Jourdean Lorah____
(Date forms issued)                (Signature of Party or their Representative)

                                    ____JOURDEAN LORAH____
                                    (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

JS 44 (Rev. 11/04)            **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Jourdean Lorah

**DEFENDANTS** Dept. of Natural Resources and Environmental Control PMA Group

(b) County of Residence of First Listed Plaintiff: New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Sussex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☑ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☑ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 18 USCS 1028
Brief description of cause: Gender, Sex and Age. I am not Jordan Lorah. I am not an eighteen yr. old man.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: Sept. 1, 2006
SIGNATURE OF ATTORNEY OF RECORD: Jourdean Lorah - Pro-se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | : |
| Plaintiff, | : Civil Action No. 06-539 SLR |
| v. | : |
| DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL and THE PMA GROUP, | : |
| Defendants. | : |

## ORDER

**HAVING CONSIDERED** The PMA Groups's motion to dismiss plaintiff's complaint, and all responses thereto;

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE** insofar as the complaint is brought against The PMA Group.

_____

The Honorable Sue L. Robinson

WILDMS 141129v.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | : |
| | : |
| Plaintiff, | : Civil Action No. 06-539 SLR |
| | : |
| v. | : |
| | : |
| DEPARTMENT OF NATURAL RESOURCES AND | : |
| ENVIRONMENTAL CONTROL and | : |
| THE PMA GROUP, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, Jennifer Hurvitz Burbine, Esquire, do hereby certify that on this 12th day of February, 2007, two copies of the above foregoing MOTION TO DISMISS were served upon the following via first class mail, postage prepaid:

Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

Robert F. Phillips, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

WHITE AND WILLIAMS LLP

*Jennifer R. Hurvitz* (signature)

JOHN D. BALAGUER (#2537)
JENNIFER HURVITZ BURBINE (#4416)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4531

*Attorneys for Defendant, The PMA Group*

WILDMS 141129v.1