ORIGINAL

United States District Court
844 King Street
Wilmington, Delaware  19801

Jourdean Lorah
114 Walls Ave.
Wilmington, Delaware  19805

1:06-CV-00539-SLR

V

Department of Environmental and Natural Resources
89 King's Highway
Dover, Delaware  19901

Department of Justice
Attention: Robert Phillips
Carvel State Office Building
820 N. French Street
Wilmington, Delaware  19801



RECEIVED
MAR -9 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Motion Regarding Medical Records, Disability and Relief

Plaintiff, Jourdean S. Lorah has enclosed with this motion a brief which outlines all medical records pertaining to injury and disability. Plaintiff's has set forth the statement of facts which have proved discrimination and retaliation. The Department of Environmental and Natural Resources has misapprehended the law regarding the Plaintiff's name, gender and address. Plaintiff, Jourdean Lorah is a forty eight year old female not a an eighteen year old male. Plaintiff, has suffered from the emotional distress of a chemical whiff which is at the Plaintiff's job, and at Delaware Technical Community College in Stanton located in Newark, Delaware where she attends school. Plaintiff, Jourdean Lorah was also gassed outside of the Biology Lab at Delaware Technical Community College on September 27, 2006.

*Jourdean Lorah*

Plaintiff, Jourdean Lorah has also provided the United States District Court with evidence that she has suffered from a physical injury that occurred on the job in PA. The Department of Environmental and Natural Resources is an agent, but not the employer. DNREC is responsible for environmental problems that were reported by the Plaintiff. Under Tile VII, the plaintiff has been discriminated by way of age, gender and disability for many years. Plaintiff, Jourdean Lorah has been wrongfully terminated from her part time position at Tatnall School on (Dec. 7, 2006) without just cause. Those violations under Title VII are continuing and pending. Plaintiff, Jourdean Lorah is seeking relief from the Department of Environmental and Natural Resources or The United States District Court in Wilmington, DE. Tafoya V Adams (DC Colo) 612 F Supp 1097, 78 ALR Fed 477. All other agents, officials, supervisors and administrators that knew the Plaintiff was violated have been included in the statement of facts. Plaintiff, Jourdean respectively prays that The United States District Court will grant her the relief in the amount of $300,000.00 that is presently needed for loss of promotions, no opportunity, damages, no retirement and injury. Plaintiff, Jourdean Lorah has also been denied the enjoyment/accommodation of taking an exercise class at The New Castle County Hockessin Community Center. Plaintiff, Jourdean Lorah was harassed incessantly as Jordan Lorah's identity (male). Plaintiff, Jourdean Lorah is not a prisoner and her rights to enjoy a service provided by New Castle County to the public has been misapprehended and discriminated by way of gender. Turnbill V Fink Del. Supr., 668 a. 2D 1370 (1995) Plaintiff, Jourdean Lorah was told by a council member of New Castle County during mediation to take the money (all

classes that were taken at New Castle County) and go to another exercise class. The amount of money that was paid to New Castle County for the exercise program was never returned nor was the Plaintiff accommodated. Plaintiff, Jourdean provided security for the state of Delaware through a company in Virginia. Plaintiff, Jourdean Lorah is not able to afford the representation of an attorney. Plaintiff's rights have been violated and statute of limitations concerning security (American International Security) is over. No one involved in the misapprehension of the law is allowed to deny the Plaintiff equal opportunity, enjoyment of programs that are offered to the public nor deny the Plaintiff, Jourdean her worth in The Martin Luther King Library. The history presently in The Martin Luther King Library is not about greed. It is simply about freedom, equal opportunity, rights and the right to be given your worth when you are worthy. Plaintiff, Jourdean Lorah respectively prays that The United States District Court will grant the relief.

*Jourdean Lorah*

Statement of Facts

**Medical Documentation regarding disability** ……………………………............... 1.

       Dr. Vroom Kaiser Permanente - Letter of allergies
       Dr. Paul Gorrin - Letter of allergy/asthma, calibrated
         spirometry testing
       Dr. Alarcon -Letter of Disability

**Complaint to Department of Environmental and Natural Resources** …………….. 2 .

       Mr. Chip McDaniel
       Mr. Costello

**Delaware Technical Community College - Injury Report** …………………….. 3.

**Public Safety Report (Bio Lab and Parking Lot)**……………………….......... 4.

       A. Letter from Mr. Miller - concerning report
       B. Dr. Richard Kim - calibrated spirometry testing
       C. Christiana Care - Dr. Mahoney

**Medical Documentation - Physical Injury (Rt. Arm)** ………………………….. 5.

       A. Department of Labor Deputy Ruling
       B. Dr. Douglas Patterson
       C. Christiana Care - Physical Therapy
       D. Delaware Curative - Physical Therapy

**Complaint to OSHA and EPA** ……………………………......................... 6.

       Letter - Mr. William D. Seguin/Mr. David Hill

**Deputy Rulings - Employer** …………………………….........................7.

       Hearing- Department of Labor - Feb. 20, 2007
       Division of Industrial Affairs/Dept. of Labor -Charges
       Letter from Patty Lorah - Mother

**Plaintiff, Jourdean Lorah's identity** ………………………….............. 8.

    Letter - Secretary of State
    Letter - Department of Justice
    Letter - Jane Brady
    Letter - Karen Thomas - Consumer Protection/Theft Identity
    Attorney General Carl Danberg
    The Martin Luther King Library - Washington, D.C. 1966


**Financial Status** ……………………………............................................. 9.

    Unemployment check - weekly/Taxes - W2 for 2006 and 2007
    Welfare Benefits
    No retirement
    Rehoboth Art League -Sale of Art work

Statement Facts

1. The enclosed medical documentation (1.) verifies that Jourdean Lorah has an impairment/disability (physical) under the Americans with Disabilities. The ADA states that anyone who has a medical history documented of having been treated for an illness is considered to be impaired or disabled.

> a. Dr. Vroom of Kaiser Permanente (1.) states the specific allergens that the Plaintiff has been tested for. Plaintiff has been tested several times for more allergens since this medical statement.

> b. The calibrated spirometry testing that was completed in Dr. Paul Gorrin's (1.) office in 2003 shows a significant decrease in breathing. Dr. Paul Gorrin has stated that Jourdean Lorah is not a risk nor is she contagious.

> c. Dr. Alarcon (1.) has stated that Jourdean Lorah has an upper respiratory disability.

2. A complaint (2.) was sent to Mr. McDaniel regarding the chemical whiff/odor that was detected by the Plaintiff in many different places (park, work, in the street where the Plaintiff lived and in parking lots at work and in shopping centers.) Mr. Costello, a DNREC (Sussex County) employee who often works in the field was also sent a letter regarding the problem. Jourdean also spoke to Mr. Costello on the phone. Mr. Costello told the Plaintiff, "It's discrimination." Plaintiff also notified DNREC through a dispatch number that is provided by DNREC. The same chemical whiff in Sussex County is in New Castle County. Several complaints were

sent to DNREC, to Mr. Handler and Mr. McDaniel. I am not sure which name is correct. I was told two different names when I called the agency to verify who to direct the complaint to.

3. The enclosed injury report from Delaware Technical Community College (3.) states that Jourdean Lorah has been physically injured from chemical exposure (gas). The chemical exposure (gas) took place outside of the Biology Lab on September 27, 2006.

4. Delaware Technical Community College Public Safety Report (4.) was filed with the Public Safety office at the college campus. Plaintiff, Jourdean Lorah has provided the revised copy of the report which states the classroom number and the details that pertain to the actual injury.

>    A. A letter was sent to Mr. Lawrence Miller at Delaware Technical Community College regarding the Public Safety report which required revisions. Those revisions were the Plaintiff's name and how it was being used (first and last), the Biology classroom number with a time concerning lecture prior to BIO. Lab in C111, and details concerning the specific injury. A statement was included in the report regarding a chemical whiff outside in the parking lot (on the campus). The chemical whiff is not the same chemical that was outside of the BIO Lab inside of the college. The chemical whiff was the same whiff at Tatnall School (inside the school and outside in the parking lot). Mr. Miller did not want to

make the revisions. Plaintiff clearly stated the revisions that were needed and those changes should have been made. The incorrect classroom number is on the report and the details concerning what happened are not correct. Both several weeks. Plaintiff's eyes and throat were burning from the gas exposure at Delaware Technical Community College. Jourdean was treated medically with an antibiotic and anti inflammatory medication (cough, nasal congestion). Both the gas and the chemical whiff affects the facial muscles as it leaves the person temporarily impaired mentally.

B. Dr. Richard Kim has completed the last calibrated spirometer testing on 01-12-07 shows that the Plaintiff has a decrease in breathing. The calibrated testing in 2007 is better than the spirometer testing in 2003 (much lower). However the calibrated testing in 2005 was higher than 2007. Plaintiff, is either hit or chemically exposed when she is healthy to make her ill or impaired mentally temporarily. Dr. Kim's report specifically states that the Plaintiff was ill.

C. The medical documentation from Christiana Care is a follow up to Dr. Kim's medical appointment. Plaintiff, Jourdean Lorah was wrongfully terminated and did not have any medical insurance to seek medical treatment, from her allergy specialist, Dr. Kim. Dr. Mahoney also treated the Plaintiff for the chemical exposure at Christiana Care.

5. Medical documentation (5.) regarding physical injury to the Plaintiff's right arm in Landenburgh, Pennsylvania. Plaintiff, Jourdean Lorah was working full time for Hillcrest Associates when she became physically injured. Jourdean was injured from hammering the stakes and hubs into the ground on various land surveys using a maul. Plaintiff, was laid off from her full time position before she was able to notify her supervisor that she had been injured. Plaintiff received severance , and job referrals. Directly following the lay off, the Plaintiff was harassed that she had been fired when she went to the Unemployment office to seek unemployment.

> A. Deputy ruling was not in favor of the employer. Employer submitted subsequent information stating, "not suitable for position". Upon investigating the employer's response through a telephone interview, the deputy found that Jourdean Lorah was not involved in any misconduct. No just cause was found.
>
> B. Plaintiff, Jourdean was examined medically by Dr. Douglas Patterson. Dr. Patterson recommended physical therapy. Plaintiff was unable to seek therapy immediately (no health insurance or Medicaid).
>
> C. Christiana Care medically gave the Plaintiff the physical therapy that was needed through charity.
>
> D. Plaintiff, Jourdean continued her therapy with Delaware Curative until her right arm was normal again.

6. On November 30, 2007, a complaint was sent to OSHA (6.) concerning the chemical whiff at Tatnall School. Plaintiff, Jourdean Lorah also notified OSHA regarding the gas exposure at Delaware Technical College, but the complaint was rejected because she is not an employee of Del Tech. Jourdean spoke with Mr. Tate of OSHA who re-directed her complaint to Mr. David Hill of the EPA. A telephone conference was held on February 16, 2007 concerning the plaintiff's claim . A brief regarding Plaintiff's wrongful termination and financial status was recently sent to Mr. Hill.

7. On December 7, 2007, Plaintiff, Jourdean Lorah was wrongfully terminated from her full time position as a co-coordinator at Tatnall School located at 1501 Barley Mill Road in Wilmington, Delaware. On February 20, 2007, a hearing was scheduled at The Unemployment Office at Pencader between the Plaintiff and Tatnall School. No one from Tatnall School appeared at the scheduled hearing. The Plaintiff is now receiving fifty dollars a week of unemployment. The Deputy's ruling is not in favor of (7.) Tatnall School. No just cause was found for the wrongful termination. Tatnall's excuse was "poor performance", but the Plaintiff has proved otherwise. No written or oral evaluation was stated regarding the poor performance. Charges have now been filed for discrimination under Title VII (age, gender and disability) at the Department of Labor/EEOC. Plaintiff, Jourdean Lorah is older than all of her colleagues who work at the Extended Day program at Tatnall School. Jourdean Lorah was replaced by young, Tatnall high school students who did not have the Plaintiff's job experience or skills. Plaintiff was hit in the face with

a chemical whiff on November 27, 2007, when two male colleagues were standing in the hall with her. On November 28, 2007, Jourdean was hit in the face again in the same hallway when one of her male colleagues's (assistant manager) was leaving the building. A letter was sent to Mr. King at the EEOC (7.) from the Plaintiff's mother regarding the neglect and the discrimination concerning employment. Jourdean Lorah has financial responsibilities like anyone else. A full time job with health benefits and retirement is necessary. At the present time the Plaintiff has no career or retirement.

8. Plaintiff, Jourdean met with a counsel member who advised her to contact the Attorney General's office and the Secretary of State (8.) A letter was sent to the Secretary of State and to the Attorney General (Jane Brady and Carl Danberg) pertaining to the fraud identity ( 8.) of Jordan Lorah, environmental problem involving employment and Title VII discrimination. Jourdean Lorah is presently in need of equal opportunity and is highly skilled (sixteen years). Plaintiff has a degree in Science and is completing her second degree in Liberal Arts. According to the Administrative process at the Department of Labor, the Plaintiff can proceed in Federal court regarding age discrimination. Documents were sent to Mr. Danberg concerning the fraud as well as documents which pertain to the Plaintiff's identity. Plaintiff, Jourdean Lorah was born and raised in Washington, D.C. Jourdean Lorah is on a reel at seven (Jody) in The Martin Luther King Library regarding history. The Plaintiff does not have a twin (double). Mr. Danberg is now aware that the Plaintiff is not Kathleen Willet. Ms. Willet is not Jourdean Lorah nor does Ms.

Willet have Jourdean's worth over time. Jourdean Lorah has never been charged with or involved with any crime that Ms. Willet is guilty of. The following agencies were notified; the Human Relations Board - Inez Hungria, The Department of Labor -Division of Industrial Affairs, EEOC - investigators-Elizabeth Wjasow, George Marinnucci (none of the investigators with the EEOC have enforced the charges), Consumer Affairs, FBI - Special Agent Perry Forgione was transferred to another unit within the bureau.

9. All documents (9.) which presently verify that the Plaintiff, Jourdean Lorah is in adult poverty have been included. The doors are closed regarding employment opportunity. Upon seeking employment, the Plaintiff has been told by one director that there are no references. Plaintiff, gave the director (Sanford School) many references that were on business letter head which verified Jourdean's employment. Other interviews have resulted in lower pay or no openings. On December 7, 2006, Tatnall's Extended Day Program Director, Michelle Jennings told the Plaintiff that there is no reference. Plaintiff, Jourdean Lorah has financial responsibilities to her mother (senior) with all bills concerning our home. Plaintiff, has no retirement and a very small amount of money remaining in her unemployment account. Last year's taxes for 2006 is only three months of employment (Tatnall School). Plaintiff's art work sells occasionally at the Rehoboth Art League. Thirty three percent of all sales goes to a poverty outreach group.

**Medical Documentation** ………………………….................... 1.

# CERTIFICATE OF SERVICE

On this day of ___MARCH 9,_____ 2007, the following documents were either sent or delivered to the Defendant.

**Jourdean Lorah - Plaintiff**
114 Walls Ave.
Wilmington, Delaware  19805

*[signed] Jourdean Lorah*

**Department of Natural Resources and Environmental Control - Defendant**
89 King's Highway
Dover, Delaware   19901

**Department of Justice**
**Attention: Robert Phillips**
Carvel State Office Building
820 N. French Street
Wilmington, Delaware   19801