IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | : |
| Plaintiff, | : Civil Action No. 06-539 SLR |
| v. | : |
| DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL and THE PMA GROUP, | : |
| Defendants. | : |

**DEFENDANT, THE PMA GROUP'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), (b)(4), (b)(5) and (b)(6)**

Defendant, The PMA Group[1] ("PMA"), by and through its undersigned counsel, White and Williams LLP, hereby replies to Plaintiff's "answer"[2] to the motion to dismiss and requests this Court issue an order dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(4), (b)(5) and (b)(6). In support of this motion, PMA states the following:

1. Plaintiff's "answer" to PMA's Motion to Dismiss does not address the legal arguments presented in the original motion.

**Plaintiff's Failure to Meet Jurisdictional Requirements**

2. Plaintiff bears the burden of establishing statutory jurisdiction with this Court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also* Fed. R. of Civ. P. 12 (b)(1). Dismissal for lack of subject matter jurisdiction is appropriate if the rights claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or

---

[1] PMA Management Corp. is improperly named as "The PMA Group" in plaintiff's complaint.
[2] PMA refers to Plaintiff's Motion Objecting to Dismiss Complaint, which PMA believes is plaintiff's answer in opposition to PMA's Motion to Dismiss.

otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pa.*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). The district court must grant a motion to dismiss if it finds that the plaintiff has failed to demonstrate a federal question on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d. Cir. 1977).

3.   Plaintiff's answer does not provide a proper jurisdictional basis to avoid the granting of a motion to dismiss pursuant to Fed. R. of Civ. P. 12 (b)(1). Plaintiff cites to Tafoya v. Adams, 612 F. Supp. 1097 (D.C. Colo. 1985), yet this case is inapplicable to Plaintiff's action. Tafoya addresses 42 U.S.C.A. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964) and 42 U.S.C.A §§ 1981, 1983[3], none of which apply to PMA. First of all, PMA has never employed Plaintiff, so Title VII is not relevant. *See* 42 U.S.C.A. §2000e *et seq.* Secondly, plaintiff has failed to assert how she has been discriminated against based upon her race, a requisite of any action filed pursuant to 42 U.S.C.A §§ 1981 and/or 1983. Next, plaintiff has failed to allege an action by PMA under color of law which contravenes federally protected rights as required by 42 U.S.C.A § 1983. Additionally, Plaintiff fails to explain how she was subjected to the alleged discrimination, if any. Plaintiff's vague, ambiguous claims should be dismissed for failure to allege a federal controversy pursuant to 28 U.S.C.A. § 1331.

4.   Based on the argument in Plaintiff's answer that the alleged "violations" occurred in several states and that she is seeking $300,000 for her loss, it appears that Plaintiff is now asserting diversity jurisdiction. However, plaintiff's action fails to meet the jurisdictional requirements of 28 U.S.C.A § 1332. First of all, Plaintiff has failed to demonstrate that the

---

[3] Plaintiff's reliance on the Tafoya case suggests that she is now alleging racial discrimination, although Plaintiff's Complaint is devoid of any such allegation.

diversity of citizenship requirement has been met. 28 U.S.C.A § 1332(a). Additionally, Plaintiff has provided no proof that the matter in controversy exceeds $75,000. *Id.* In fact, plaintiff has failed to demonstrate any financial damages beyond the unsubstantiated assertions in her Complaint and answer to PMA's Motion to Dismiss.

**Plaintiff's Failure to State a Claim Pursuant to Fed. R. of Civ. P. 12 (b)(6)**

5. Plaintiff still fails to assert any action on the part of PMA that gives rise to the award of damages. If plaintiff's intent was to assert an equal protection claim, plaintiff still has failed to allege how she received disparate treatment based upon her gender, age, race or "disability", all of which were asserted in plaintiff's response to the Motion to Dismiss. *See Batson v. Kentucky*, 476 U.S. 79, 93, 106 S.Ct. 1712 (1986).

6. For the first time, in Plaintiff's response to PMA's Motion to Dismiss, Plaintiff claims that her worker's compensation claim, Claim No. W890343819, was denied. Interestingly, this is the exact claim number assigned to Jordan Lorah's claim. See Exhibit A to PMA's Motion to Dismiss. All of the claim documents referencing Claim No. W890343819 in defense counsel's possession relate to the worker's compensation claim of Jordan Lorah involving an injury to the right hand on June 29, 2003 and/or June 30, 2003. See Exhibit A to PMA's Motion to Dismiss. Despite Plaintiff's representations, Claim No. W890343819 was not denied, as evidenced by the Agreement as to Compensation and Receipt for Compensation Paid, attached hereto as Exhibit A.

7. Plaintiff asserts that she complained of a "chemical whiff" while employed by the Department of Natural Resources. However, Plaintiff provides no documentation that she attempted to open a worker's compensation claim with PMA. In fact, Plaintiff admits through omission that she refused to submit any medical records or sign any medical releases regarding

her alleged injuries from a "chemical whiff." It is logical that a worker's compensation claim will be denied without supporting documentation of the claimant's alleged injuries. Even if assuming, *arguendo*, that Plaintiff did indeed have a worker's compensation denied, she has failed to establish how the denial would constitute discrimination.[4]

8.  Therefore, Plaintiff has failed to allege any discrimination on the part of PMA and her Complaint should be dismissed pursuant to Fed. R. of Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

### INSUFFICIENT PROCESS AND SERVICE OF PROCESS

9.  In her Complaint, plaintiff improperly named The PMA Group as a defendant. The correct entity is PMA Management Corp. Plaintiff has failed to take any corrective measures regarding naming the proper entity as a defendant or service of process of the Complaint on the correct entity. Therefore, PMA moves to dismiss all claims against it pursuant to Fed. R. of Civ. P. Rule 12(b)(4) and (5) for insufficient process and service of process.

WHEREFORE, based upon plaintiff's failure to allege a federal controversy, failure to state a claim against PMA and insufficient process and service of process, PMA respectfully requests that the Court dismiss plaintiff's complaint.

---

[4] PMA maintains its position that plaintiff did not open a worker's compensation claim regarding a chemical whiff.

WHITE AND WILLIAMS LLP

*[signature: Jennifer Hurvitz Burbine]*

JOHN D. BALAGUER (#2537)
JENNIFER HURVITZ BURBINE (#4416)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
(302) 467-4531

*Attorneys for Defendant, The PMA Group*

Dated: March 23, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | : |
| | : |
| Plaintiff, | : Civil Action No. 06-539 SLR |
| | : |
| v. | : |
| | : |
| DEPARTMENT OF NATURAL RESOURCES AND | : |
| ENVIRONMENTAL CONTROL and | : |
| THE PMA GROUP, | : |
| | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, Jennifer Hurvitz Burbine, Esquire, do hereby certify that on this 23rd day of March, 2007, two copies of the above foregoing REPLY IN SUPPORT OF THE MOTION TO DISMISS were served upon the following via first class mail, postage prepaid:

Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

Robert F. Phillips, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

WHITE AND WILLIAMS LLP

*Jennifer Hurvitz Burbine*

JOHN D. BALAGUER (#2537)
JENNIFER HURVITZ BURBINE (#4416)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4531

*Attorney for Defendant, The PMA Group*

WILDMS 142442v.1

CASE FILE No. W890343819
CARRIER NO. 290200 7621402

# STATE OF DELAWARE
# OFFICE OF WORKERS' COMPENSATION
# AGREEMENT AS TO COMPENSATION

Employee: JORDAN LORAH
Address: ~~ROUTE 5 BOX 150-318~~ 6 Brittany Ln ~~FRANKFORD, DE 19946~~ Lewes, De 19958

Employer: DEPT OF NATURAL RESOURCES & ENVIRON
Address: 89 KINGS HIGHWAY
DOVER, DE 19901

Insurance Carrier/Self-insurer: STATE OF DELAWARE
Address:

Third party adjuster: READEANNA WILLIAMS
Address: PMA MGMT CORP
PO BOX 25250
LEHIGH VALLEY, PA 18002-5250

The above have reached an agreement in regard to compensation for the injury sustained by said employee and submit the following statement of facts relative thereto:

Date of Injury: JUNE 29, 2003
Date Disability Began: JUNE 30, 2003
Cause/Place of Accident: WHILE DIVING INTO WATER, EE JAMMED RIGHT HAND INTO SAND
Nature/Part of Body: RIGHT WRIST STRAIN
Probable Length of Disability (if known): 2 5/7 WEEKS

The terms of this agreement under the above facts are as follows:
This agreement is for (check all that apply)   ☒ Total Disability   ☐ Temporary Partial Disability
☐ Permanent Partial Disability   ☐ Disfigurement   ☐ Commutation   ☐ Medical Only
☐ Salary in Lieu of Workers' Compensation
That the said JORDAN LORAH shall receive compensation at the rate of $ 253.34 per week based upon an average weekly wage of $ 380.00 and that said compensation shall be payable ☐ weekly  ☐ bi-weekly  ☐ monthly  ☒ other (specify) FINALS IN FULL

from and including the 30TH day of JUNE month 2003 year until terminated in accordance with the provisions of the Workers' Compensation Law of the State of Delaware.

BENEFITS FOR TOTAL/PARTIAL DISABILITY, (LOST WAGES) SHALL REQUIRE YOU TO ADVISE THE NAMED CARRIER/SELF-INSURER/THIRD PARTY ADJUSTER OF ANY CHANGE IN EMPLOYMENT STATUS AND/OR DISABILITY. FAILURE TO NOTIFY A CHANGE IN STATUS IS PUNISHABLE PURSUANT TO TITLE 18, DELAWARE CODE, CHAPTER 24, AND/OR TITLE 11, DELAWARE CODE, SECTION 913.

Witness _____ (signature)
Address _____

Employee _____ (signature)

Adjuster/Attorney _____ (signature)
Phone number: 888-476-2669
Date of agreement: August 1, 2003

For Accounting Use Only:
Approved by _____
Date of Approval _____

Document No. 60-07-01-01-12/97

CASE FILE NO.  W890343819

CARRIER FILE NO.  290200 7621402

# STATE OF DELAWARE

## OFFICE OF WORKERS' COMPENSATION

## RECEIPT FOR COMPENSATION PAID

DATE  August 1, 2003

Received of   THE PMA GROUP ON BEHALF OF DEPT OF NATURAL RESOURCES & ENVIRONMENTAL
(Insurance Carrier/Self-Insurer/Third Party Adjuster)

the sum of $  687.64  , making in all the total sum of $  687.64

in settlement of compensation due for the   TEMPORARY TOTAL   disability of
(type)

JORDAN LORAH   which began
(employee name)

on   JUNE 30, 2003  , and terminated on   JULY 18, 2003 RTW 7/19/03
(date)                                                            (date)

*[Employee Signature]*

6 Brittany Lane
Lewes, DE 19958

Your signature on this receipt will terminate your rights to receive the workers' compensation benefits specified above on the date indicated. This form is not a release of the employer's or of the insurance carrier's workers' compensation liability. It is merely a receipt of compensation paid. The claimant has the right within five years after the date of the last payment to petition the Office of Workers' Compensation for additional benefits.

Document No. 60-07-01-02-12/97