IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH,<br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF NATURAL<br>RESOURCES AND ENVIRONMENTAL<br>CONTROL, and THE PMA GROUP<br>    Defendants | )<br>)<br>)  C.A. No. 06-539-SLR<br>)<br>)<br>)  Jury Trial Demanded<br>)<br>)<br>) |

## DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO DISMISS THE COMPLAINT</u>

1.    Since the filing of DNREC's motion to dismiss the complaint, Plaintiff has responded with a series of confusing and almost incoherent filings (Docket items 19, 23, and 26). These papers do nothing to advance Plaintiff's claims in any way. In fact, they merely amount to a list of generalized grievances having nothing to do with the allegations against DNREC which were raised in the document being treated as a complaint (Document No. 2). As in DNREC's Opening Memorandum the allegations of the "complaint" are out in full below:

> Plaintiff, Jourdean Lorah, respectively [*sic*] prays and requests that the United States District Court considers [*sic*] the following documents from The Department of Natural Resources and Environmental Control. The Plaintiff, Jourdean Lorah, is not an eighteen year old man named Jordan Lorah (gender discrimination). The identification number, age and sex does [*sic*] not match the identification of Plaintiff Jourdean Lorah. The Plaintiff, Jourdean Lorah, has suffered economically and physically regarding the false records of The Department of Natural Resources and Environmental Control. Plaintiff, Jourdean Lorah believes that she should be compensated for her losses.

There is no need to repeat the legal arguments made in DNREC's Opening Memorandum of Law Supporting its Motion to Dismiss; however this Reply Memorandum is submitted to point out the absence of any legally cognizable connection between Plaintiff's claims and DNREC.

2. In the statement of facts included in Plaintiff's "Motion Objecting to Dismiss Complaint" Plaintiff stated that DNREC "sent Jordean Lorah a medical request for medical records regarding a workers compensation claim on July 8, 2003." (Document 23 at un-numbered page 4). Assuming the truth of this statement, the only action alleged to have been taken by DNREC occurred more than three years before she filed her complaint on August 31, 2006. Thus, under the applicable statute of limitations, 10 *Del. C.* §8119, Plaintiff's claim is barred and the complaint must be dismissed.

3. Plaintiff's "Motion Regarding Medical Records, Disability and Relief" (Document 19) seeks damages in the amount of $300,000.00 for "loss of promotions, no opportunity, damages, no retirement and injury." (Document 19 at page 2). Plaintiff believes that "the Department of Environmental and Resources is an agent, but not the employer. DNREC is responsible for environmental problems that were reported by the Plaintiff." These alleged environmental problems include "emotional distress" resulting from "a chemical whiff" at Plaintiff's place of employment and for two incidents which purportedly occurred at the Stanton Campus of Delaware Technical and Community College. There is, therefore, that none of the alleged chemical exposures occurred on premises owned or controlled by DNREC. There is no allegation in that DNREC was in any way responsible for causing the alleged "chemical whiff" or for "gassing" the

Plaintiff. Plaintiff's motion regarding medical records, disability and relief also alleges that Plaintiff "has suffered from a physical injury that occurred on the job in PA." There is, again, no allegation that DNREC was the employer.

4. Plaintiff also makes allegations that she has been discriminated against for her age, gender, and disability for many years and makes a claim against DNREC pursuant to Title VII because she was "wrongfully terminated from her part time position at Tatnall School on (December 7, 2006) without just cause." She further alleges that she has "been denied the enjoyment/accommodation of taking an exercise class at the New Castle County Hockessin Community Center. How either of these occurrences are the responsibility of the Department of Natural Resources and Environmental Control is anyone's guess.

5. Plaintiff's "Motion Objecting to Dismiss Complaint" (Document No. 23) repeats Plaintiff's demand for $300,000.00 for reasons having nothing to do with DNREC other that she mistakenly received some correspondence which was intended for DNREC's former employee, Jordan Lorah, in July, 2003. In addition to dismissing all of Plaintiff's claims because the statute of limitations has run, Plaintiff's Motion Objecting to Dismiss Complaint again fails to allege that she was ever employed by DNREC. Thus, Title VII does not apply. She seeks $300,000.00 from DNREC because "DNREC and PMA Management sent to the Plaintiff's address, (Jourdean Lorah) Jordan claim. Jordan Lorah was identified as an 18 year old man with an injury on his hand." (Document 23 at page 2). Clearly, this fails to state a claim against DNREC under any legal theory.

6. Plaintiff's most recent filing, her "Motion to Amnend Motion to Dismiss"

(Document 26) is even more outlandish than her previous filings. To the above-mentioned list of grievances having nothing to do with DNREC, she now adds a claim for having cigarette butts and dog feces on the lawn of her mother's home, damage to her automobile, and being "marked by her neighbors who have communicated wrongfully outside her mother's home." (Document 26 at page 3). Once again, Plaintiff fails to make any allegation that she was ever employed by DNREC or that she ever applied for employment with DNREC. The "Motion to Amnend Motion to Dismiss" is thus simply a compilation of generalized grievances which fail to raise any legal or factual issues which are relevant to a claim under 42 U.S.C. §1983 or under Title VII.

7. While Plaintiff's recent filings can be interpreted as a plea for neither this Court nor an award of merely damages will be able to provide the type of help which is necessary.

8. Accordingly, the "compliant" should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) as it fails to allege a federal controversy and fails to state a claim upon which relief can be granted. In support these assertions, DNREC relies upon the authorities cited in its Opening Memorandum Supporting its Motion to Dismiss. There is no need to repeat those same arguments here. There is, however, a need to call the Court's attention to the fact that the statute of limitations, 10 *Del. C.* §8119, absolutely bars Plaintiff's claims.

For the foregoing reasons, DNREC respectfully requests that this Honorable Court grant its Motion to Dismiss the complaint in this matter.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

*Robert F. Phillips*

Robert F. Phillips, ID# 2453
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for DNREC

DATE:  April 20, 2007

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on April 20, 2007, he caused the attached *Memorandum of Law in Support of Its Motion to Dismiss the Complaint* to be electronically filed in this Court and to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

Jennifer Hurvitz Burbine
White and Williams LLP
824 N. Market St, Ste. 902
P.O. Box 709
Wilmington, DE 19899-0709

**MANNER OF DELIVERY:**

\_\_\_\_ One true copy be facsimile transmission to each recipient.

_X_ Two true copies by first class mail, postage prepaid, to each recipient.

\_\_\_\_ Two true copies by Federal Express.

\_\_\_\_ Two true copies by hand delivery to each recipient.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

*/s/ Robert F. Phillips/*
Robert F. Phillips, ID# 2453
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for DNREC