IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-539-SLR |
| | ) |
| DEPARTMENT OF NATURAL | ) |
| RESOURCES AND ENVIRONMENTAL | ) |
| CONTROL and THE PMA GROUP, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I.   INTRODUCTION

On August 31, 2006, Jourdean Lorah, a pro se litigant, filed a complaint alleging

gender discrimination against defendants Department of Natural Resources and

Environmental Control ("DNREC") and The PMA Group ("PMA").[1] (D.I. 2) Pending for

review are fully briefed motions to dismiss, a motion to amend/correct and a motion for

appointment of counsel. (D.I. 5, 13, 18, 10, 19, 20, 24, 26, 27, 30)

### II.   BACKGROUND

In her complaint, plaintiff avers:

> [Plaintiff] is not an eighteen year old man named Jordan Lorah
> (gender discrimination). The identification number, age and sex
> does not match the identification of [plaintiff]. [Plaintiff] has suffered
> economically and physically regarding the false records of [defendant

---

[1]Plaintiff's request to proceed in forma pauperis was granted on September 12,
2006. (D.I. 5)

>           DNREC]. [Plaintiff] believes that she should be compensated for her
>           losses.

(D.I. 2)

Defendants contend the allegations fail to implicate federal subject matter

jurisdiction and, alternatively, move to dismiss under Rule 12(b)(6) for failure to state a

claim for relief. (D.I. 13, 18) Plaintiff has filed responsive papers and documentation to

address the deficiencies identified by defendants. (D.I. 19-21, 23, 24, 26, 27) Despite

the additional pleadings, however, it remains difficult to determine the nature of

plaintiff's claims.

For example, plaintiff states that DNREC misunderstands her position. (D.I. 19)

She explains that, while attending Delaware Technical Community College, she was

exposed to a "chemical whiff" outside of a biology classroom. She was exposed to

another "chemical whiff" while employed at Tatnall School. Plaintiff reported the

"chemical whiffs" in letters to DNREC. (D.I. 20) In one letter to DNREC, she wrote:

>           On July 24, 2004 at 9:00 a.m., I noticed an odor in the refrigerator
>           where I am currently employed. At approximately 5:45, I spoke with
>           an officer at the Ocean View Delaware police station who advised
>           me to call DNREC. The officer also advised me to call Troop 4
>           concerning the criminal intent involving the violation. When I spoke
>           with an officer at Troop 4, he was busy and he did not care about
>           my problem.
>           At 6:00 p.m., I called DNREC's dispatch and spoke with Mr. Carrow.
>           He took the report and [said someone would call me back]. No one
>           called to go over the reported odor on July 24, 2004. On Wednesday
>           July 28, 2004, I called the main office and spoke with someone who
>           said, "We don't take care of odors that are on the inside, only the
>           outside." . . . It is your problem and I am tired of suffering from
>           your neglect and the financial extortion. My contacts have been
>           notified about this problem that is continuously neglected. It
>           violates my rights. Furthermore, on July 27, 2004, an employee
>           cleaned out the refrigerator and it is now in the trash.

2

(D.I. 20, ex. 2)

Sometime after the "chemical whiffs," plaintiff claims that Tatnall School terminated her employment. She claims the firing was discriminatory, based on age, gender and disability, in violation of Title VII. As a result of the termination, plaintiff has been denied promotions, retirement compensation, the opportunity for advancement and requests $300,000 in compensation.

In her "motion to amend/correct," plaintiff claims to have suffered discrimination, defamation and harassment as a result of the existence of a man with a similar name, Jordan Lorah.[2] (D.I. 26) She also writes of being "marked by her neighbors who have communicated wrongfully outside of [her] mother's home" leaving cigarette butts and dog feces on the lawn. (Id. at 3) Despite complaining to United States Senator Joseph Biden, the Department of Labor, and the Equal Employment Opportunity Commission, no one has corrected the situation.

Plaintiff further contends that PMA mailed her letters which "crossed out the address of [her] former address in Sussex County Delaware." (Id. at 5) PMA also sent a letter to her address requesting medical records related to plaintiff's employment at

_____

[2]"A party may amend the party's pleading once as a matter of course at anytime before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Id. Courts may deny leave to amend where they find "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Considering the difficulty in interpreting plaintiff's claim in conjunction with her pro se status, the court will grant her motion to amend in order to garner an understanding of her allegations.

3

DNREC.[3]  Plaintiff also called PMA to explain that "she was not a man [Jordan Lorah] who was eighteen years of age" and refused to sign medical releases.[4]  (D.I. 23 at 4) Although she tried to resolve the "fraud" with PMA,  plaintiff's attempt were unsuccessful.

## III.   STANDARD OF REVIEW

In considering a motion to dismiss under R. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  See Erickson v. Pardus, --- U.S. ----, 127 S. Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the

---

[3]It appears that Jordan Lorah, a lifeguard employed by DNREC, was injured on the job.  (D.I. 20)  PMA was involved in the processing of the medical and insurance claims associated with the injury.  The court surmises that, because of the similarity between the names, there has been a mix-up of  information associated with Jordan Lorah and plaintiff.  (D.I. 23 at 2)

[4]Defendant PMA indicates that the medical forms referenced by plaintiff reflect the same claim number assigned to Jordan Lorah's worker's compensation claim.  (D.I. 25)

4

speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, --- U.S. at ----, 127 S. Ct. at 2200 (citations omitted).

Considering plaintiff's allegations in light of this authority, the court finds dismissal appropriate for a number of reasons. Construed liberally, plaintiff's amended complaint seeks relief pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e). Plaintiff, however, has failed to demonstrate an employment relationship with either defendant. Plaintiff's relationship with DNREC is limited to her complaints about chemical whiffs; absent from the correspondence is any reference to an employment relationship. Similarly, there is no evidence of an employment relationship with PMA.

Even assuming, however, that plaintiff was employed by either defendant, plaintiff's Title VII claims still fail because there is no evidence of record that she completed any administrative remedies, i.e., receiving a right to sue letter, before commencing suit in federal court. McNasby v. Crown Cork & Seal Co., Inc., 888 F.2d 270, 282 (3d Cir. 1989); Menkowitz v. Pottstown Mem. Med. Ctr., 154 F.3d 113, 124-125 (3d Cir. 1998).

Moreover, having thoroughly reviewed plaintiff's claims, the court cannot contemplate any cause of relief for plaintiff's claims. Although she has utilized the correct labels and phrases to describe her claims of constitutional impropriety, she has failed to present specific facts to justify relief. It is evident that she is frustrated by being

5

confused as Jordan Lorah, however, the allegations set forth in her pleadings do not establish a claim upon which relief can be granted under federal law.

## IV.  CONCLUSION

Att Wilmington this   *16th*  day of July, 2007;

IT IS ORDERED that:

1.  Plaintiff's motion to amend is granted.  (D.I. 26)

2.  Defendants' motions to dismiss are granted.  (D.I. 13, 18)

3.  Plaintiff's motion for appointment of counsel and motion concerning

affirmative action regarding age and opportunity are denied as moot.  (D.I. 10, 24)

United States District Judge