IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH,<br><br>          Plaintiff,<br><br>v.<br><br>DEPARTMENT OF NATURAL RESOURCES AND<br>ENVIRONMENTAL CONTROL and<br>THE PMA GROUP,<br><br>          Defendants. | :<br>:<br>:<br>: Civil Action No. 06-539 SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT, THE PMA GROUP'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND ARTFUL PLEADINGS AND
MOTION TO DISMISS COMPLAINT AS MOOT**

Defendant, The PMA Group[1] ("PMA"), by and through its undersigned counsel, White and Williams LLP, hereby responds to Plaintiff's "Motion to Amend [sic] Artful Pleadings and Motion to Dismiss Complaint as Moot" and requests this Court issue an order denying Plaintiff's motion. By way of further response, PMA states the following:

1. On July 16, 2007, this Court issued a Memorandum Opinion (the "Order") granting Defendants' motions to dismiss. [D.I. 31].

2. Plaintiff has now filed a "Motion to Amend [sic] Artful Pleadings and Motion to Dismiss Complaint as Moot". [D.I. 32]. Although Plaintiff's recent allegations have nothing to do with the issues presented in her original Complaint, PMA believes that Plaintiff has attempted to file a Motion for Reconsideration. Plaintiff's Motion purportedly seeks reconsideration under Federal Rule of Civil Procedure 59(e) of the Court's granting of Defendants' motions to dismiss and denial of Plaintiff's motion for appointment of counsel and motion concerning affirmative

---

[1] PMA Management Corp. is improperly named as "The PMA Group" in Plaintiff's Complaint and "PMA Corporation" in Plaintiff's Motion.

action regarding age and opportunity as moot. Plaintiff's Motion fails to satisfy the strict requirements for reconsideration under Federal Rule of Civil Procedure 59(e).

   3. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed, considered and decided. As such, a Court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.

Tracinda Corporation v. Daimler-Chrysler AG, et al. (In re: Daimler-Chrysler AG Securities Litigation, 200 F.Supp. 2d 439, 442 (D.Del. 2002) (internal citations omitted).

   4. Plaintiff's contention that her rights have been violated is without merit. Again, Plaintiff fails to present any evidence of discrimination on the part of PMA. Plaintiff originally sought relief pursuant to Title VII of the Civil Rights Act. In Plaintiff's motion, she also appears to be alleging violations of Title VII, the Americans with Disabilities Act and the Equal Pay Act. However, Plaintiff fails to allege any legal or factual issues relevant to a federal controversy under 29 U.S.C. § 206(d) or 42 U.S.C. §§ 2000(e) and 12101 *et. seq*. As such, Plaintiff is not entitled to compensation and her claims against PMA were lawfully dismissed.

   5. Additionally, Plaintiff's reliance on Cole v. Arkansas and Turnbill v. Fink is misplaced as neither case has anything to do with employment discrimination, plaintiff's original cause of action. See 216 S.W.2d 402 (Ark. 1949); 668 A.2d 1370 (Del. 1975). Therefore, plaintiff has failed to present an error of law in this Court's decision.

   6. Plaintiff now alleges that she is an artist and has taught wildlife extinction courses in Fairfax County, VA; therefore, according to plaintiff, she somehow has been subjected to discrimination. However, PMA has no connection to any of the allegations raised for the first time in plaintiff's motion. This "newly available evidence" does not alter the Court's finding

that Plaintiff has never had an employment relationship with PMA. These allegations also fail to demonstrate how plaintiff has suffered discrimination. Therefore, dismissal was appropriate pursuant to Fed. R. of Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted, despite the new allegations in Plaintiff's motion.

7.   As such, there is no clear error of fact that will result in manifest injustice. Plaintiff's Complaint was dismissed because she failed to demonstrate unlawful discrimination that would justify an award of damages. That result is not altered even if Plaintiff did in fact complete administrative remedies prior to filing her lawsuit.[2] Thus, there is no "manifest injustice" caused by the Court's findings in the Order regarding Plaintiff's claims.

8.   Despite the new and irrelevant allegations, Plaintiff's Motion is mostly a rehash of her arguments already considered and denied by this Court. Reconsideration under Federal Rule of Civil Procedure 59(e) is inappropriate in these circumstances. Accordingly, the Motion should be denied.

WHEREFORE, The PMA Group respectfully requests that this Honorable Court enter an order denying Plaintiff's "Motion to Amend Artful Pleadings and Motion to Dismiss Complaint as Moot."

**WHITE AND WILLIAMS LLP**

*[signature: Jennifer Hurvitz Burbine]*

JENNIFER HURVITZ BURBINE (#4416)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4531
*Attorneys for Defendant, The PMA Group*

Dated: August 10, 2007

---

[2] PMA disputes Plaintiff's representations to the Court that she has a valid discrimination claim because she has attempted to pursue administrative remedies.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL and THE PMA GROUP,<br><br>        Defendants. | :<br>:<br>:<br>:  Civil Action No. 06-539 SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

**HAVING CONSIDERED** Plaintiff's Motion to Amend Artful Pleadings and Motion to Dismiss Complaint as Moot, and all responses thereto;

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.

_____

The Honorable Sue L. Robinson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | : |
| | : |
| Plaintiff, | : Civil Action No. 06-539 SLR |
| | : |
| v. | : |
| | : |
| DEPARTMENT OF NATURAL RESOURCES AND | : |
| ENVIRONMENTAL CONTROL and | : |
| THE PMA GROUP, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, Jennifer Hurvitz Burbine, Esquire, do hereby certify that on this 10th day of August, 2007, two copies of the above foregoing RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND ARTFUL PLEADINGS AND MOTION TO DISMISS COMPLAINT AS MOOT were served upon the following via first class mail, postage prepaid:

Jourdean Lorah
114 Walls Avenue
Wilmington, DE 19805

Robert F. Phillips, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

**WHITE AND WILLIAMS LLP**

*Jennifer Hurvitz Burbine*

JENNIFER HURVITZ BURBINE (#4416)
824 North Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 467-4531
*Attorneys for Defendant, The PMA Group*

PHLDMS1 3260160v.1